| | |
|---|---|
| EUGENIA G. PURCELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM &** |
| ) | **RECOMMENDATION** |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social ) | |
| Security, ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court upon the parties' Motions for Judgment on the Pleadings. (DE's-23 & 25). No responses or replies have been filed, and the time for doing so has expired. Accordingly, the matter is now ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1), this matter has been referred to the undersigned for the entry of a Memorandum and Recommendation. (DE-27). For the following reasons, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-23) be GRANTED, and that Defendant's Motion for Judgment on the Pleadings (DE-25) be DENIED. Specifically, it is RECOMMENDED that Defendant's final decision be vacated and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.

**Statement of the Case**

Plaintiff applied for supplemental security income on January 14, 2010 alleging disability beginning December 4, 2009. (Tr. 9). Her claim was denied initially and upon reconsideration. *Id.* A hearing was held before an Administrative Law Judge ("ALJ") who determined that Plaintiff was not disabled in a decision dated November 10, 2011. *Id.* at 9-18. The Social

Security Administration's Office of Disability Adjudication and Review denied Plaintiff's request for review on May 17, 2012. *Id*. at 1. Therefore, the ALJ's November 10, 2011 determination is Defendant's final decision. Plaintiff filed the instant action on June 29, 2012. (DE-7).

**Standard of Review**

This Court is authorized to review Defendant's denial of benefits under 42 U.S.C. § 405(g), which provides in pertinent part:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive...

42 U.S.C. § 405(g).

"Under the Social Security Act, [the Court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is ... such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). "In reviewing for substantial evidence, . . . [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute . . . [its] judgment for that of the Secretary." Craig, 76 F.3d at 589. Thus, this Court's review is limited to determining whether Defendant's finding that Plaintiff was not disabled is "supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

However, before a court can determine whether a decision is supported by substantial evidence, it must ascertain whether Defendant has considered all relevant evidence and sufficiently explained the weight given to probative evidence. *See*, Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439-440 (4th Cir. 1997). "Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir. 1983). Without an analysis of all evidence and a sufficient explanation of the weight given to obviously probative exhibits, it is not possible to determine if the ALJ's decision is supported by substantial evidence. Arnold v. Secretary of Health, Ed. and Welfare, 567 F.2d 258, 259 (4th Cir. 1977). Remand is appropriate where an ALJ fails to discuss relevant evidence that weighs against his decision. Ivey v. Barnhart, 393 F. Supp. 2d 387, 390 (E.D.N.C. September 29, 2005)(*Citing*, Murphy v. Bowen, 810 F.2d 433, 438 (4th Cir. 1987)).

**<u>Analysis</u>**

The Social Security Administration has promulgated the following regulations which establish a sequential evaluation process that must be followed to determine whether a claimant is entitled to disability benefits:

> The five step analysis begins with the question of whether the claimant engaged in substantial gainful employment. 20 C.F.R. ' 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. ' 404.1520(c). If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. ' 404.1520(d); 20 C.F.R. Part 404, subpart P, App.I. If so the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. ' 404.1520(e); 20 C.F.R. ' 404.1545(a). If the answer is in the affirmative, the final consideration looks to whether the impairment precludes the claimant from performing other work. 20 C.F.R. ' 404.1520(f).

Mastro v. Apfel, 270 F.3d 171, 177 (4th Cir. 2001).

In the instant action, the ALJ employed the sequential evaluation. First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 14, 2010. (Tr. 11). At step two, the ALJ found that Plaintiff had the following severe impairments: 1) status post left distal radius fracture, right tibial plateau fracture, and lumbar L3 fracture; 2) seizure disorder; 3) headaches; 4) diabetes mellitus; 5) lumbar degenerative disc disease, status post fusion; and 6) osteoarthritis right knee. *Id*. However, the ALJ determined that these impairments were not severe enough to meet or medically equal one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. *Id.* at 12. Next, the ALJ determined that Plaintiff had the residual functional capacity to perform light work with certain exceptions. *Id*. at 13. Specifically, the ALJ found that Plaintiff:

> has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b). She is able to lift 20 pounds occasionally with right arm, and 10 pounds frequently with both arms. She can stand/walk for a total of six hours in an eight-hour workday. She can sit for a total of six hours in an eight-hour workday. She requires a hand held cane to walk long distances, stand for more than 30 minutes at a time, and to climb ramps or stairs. She can occasionally push/pull with right lower extremity and occasionally balance. She can frequently stoop, kneel, crouch, crawl, and climb ramps/stairs. She can never climb ladders, ropes, or scaffolds. She is capable of frequent but not constant handling and fingering with upper left extremity. She is unable to work at heights or have even moderate exposure to hazards. She is capable of occasional contact with the public.
>
> *Id.*

The ALJ then determined that Plaintiff was unable to perform any of her past relevant work. *Id*. at 17. However, based on the testimony of a vocational expert, the ALJ found that there were jobs that exist in significant numbers in the national economy that Plaintiff could perform. *Id.* at 17-18. Based on these findings, the ALJ determined that Plaintiff had not been under a

disability from January 14, 2010 through November 10, 2011. *Id*. at 18.

**<u>The ALJ did not properly assess Plaintiff's credibility</u>**

The undersigned recommends remand because the ALJ did not properly assess Plaintiff's credibility. With regard to Plaintiff's credibility, the ALJ made the following findings:

> The undersigned is not persuaded that the claimant is wholly credible regarding her alleged functional limitations. The claimant's allegations and contentions regarding the nature and severity of the impairment related symptoms and functional limitations are found to be only partially credible. While the allegations regarding the nature of these symptoms are found to be supported within the medical evidence in the file, the contentions regarding the severity of, and the related functional restrictions, are not fully supported. Although the undersigned notes that the claimant's condition has worsened, there is just not adequate support that her seizures and headaches would be disabling. Her most recent physical examination was essentially normal and her headaches were stable. The claimant had no complaints of headaches during the examination, and the physician was still adjusting medications (Exhibit 9F, page 1 ). Accordingly, the claimant's seizures are not well documented. The claimant visited the emergency room due to a reported seizure; however, left AMA without a complete evaluation. The treating physician is still attempting to find the best treatment, which appears to be better now. The findings specified within the residual functional capacity (RFC) assessment are very accommodating, and are consistent with the appropriate medical findings and the overall evidence in the file. In fact, given the claimant's age and vocational factors, even with a fairly limited RFC, she is not disabled.

*Id*. at 16.

"Because he had the opportunity to observe the demeanor and to determine the credibility of the claimant, the ALJ's observations concerning these questions are to be given great weight." <u>Shively v. Heckler</u>, 739 F.2d 987, 989 (4th Cir. 1984). Furthermore, the regulations provide a two-step process for evaluating a claimant's subjective complaints of pain or other symptoms. 20 C.F.R. § 404.1529; <u>Craig</u>, 76 F.3d at 593-96. First, the ALJ must determine whether there is objective medical evidence showing the existence of a medical impairment that could be reasonably expected to produce the pain or alleged symptoms. 20 C.F.R. § 404.1529(b); <u>Craig</u>,

5

76 F.3d at 594. Second, the ALJ evaluates the intensity and persistence of the symptoms to determine how they limit the capacity for work. 20 C.F.R. 404.1529(c); Craig, 76 F.3d at 595. The ALJ evaluates the intensity and persistence of the symptoms and the extent to which they limit a claimant's capacity for work in light of all the available evidence, including the objective medical evidence. 20 C.F.R. 404.1529(c). At the second step, however, claims of disabling symptoms may not be rejected solely because the available objective evidence does not substantiate the claimant's statements as to the severity and persistence of the symptoms. *See* Craig, 76 F.3d at 595. Since symptoms can sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone, all other information about symptoms, including statements of the claimant, must be carefully considered in the second part of the evaluation. 20 C.F.R. 404.1529(c)(2). The extent to which a claimant's statements about symptoms can be relied upon as probative evidence in determining whether the claimant is disabled depends on the credibility of the statements. SSR 96-7p, 1996 WL 374186, *4. Ultimately, the ALJ's findings with regard to a claimant's credibility must "contain specific reasons . . . supported by evidence in the case record." *Id.* at * 2. Here, the ALJ's specific reasons were not supported by substantial evidence.

First, the ALJ's credibility determination appears to be internally inconsistent, or at the very least is extremely unclear. Specifically, the ALJ found that Plaintiff's "condition has worsened." (Tr. at 16). However, later in the same paragraph, the ALJ states that Plaintiff's "treating physician is still attempting to find the best treatment, which appears to be better now." *Id.* Therefore, if the language is given its most natural reading, the ALJ finds that Plaintiff's condition is both improving and worsening. Defendant argues that "[t]he ALJ merely stated that, despite the fact that [Plaintiff's] condition worsened, her treatment actually improved." (DE-26,

6

pg. 14). This argument strains credulity. Assuming, *arguendo*, that treatment can "improve" while symptoms "worsen", the lack of clarity in the ALJ's credibility finding necessitates a remand. DeLoatche, 715 F.2d at 150.

In addition, the ALJ found that Plaintiff's seizure order was severe (Tr. 11), but later states that Plaintiff's "seizures are not well documented." (Tr. 16). Defendant argues that these statements are not inconsistent because "[t]he severity standard at step two 'is a *de minimus* test, designed to weed out unmeritorious claims.'" (DE-26, pg. 13)(*Quoting*, Hughes v. Astrue, 2011 WL 4459097, at *10 (W.D.N.C. Sept. 26, 2011)). This argument is unpersuasive. Even applying a *de minimus* standard, the undersigned questions how a poorly documented impairment could be deemed "severe." Moreover, the ALJ's finding that Plaintiff's seizure disorder is poorly documented is not supported by substantial evidence. The record frequently indicates that Plaintiff has a past history of seizures. *Id*. at 204, 230, 232, 244, 291, 294, 296, 298, 321, 353, 389, 390, 391, 392, 413. In short, the ALJ's finding that Plaintiff's seizure disorder is not well documented is not supported by substantial evidence.

Finally, the ALJ stated that Plaintiff's "most recent physical examination was essentially normal and her headaches were stable." *Id*. at 16. However, during this examination, Dr. R. Ramachandran stated that Plaintiff had "at least 1-3 seizures per month." *Id*. at 389. Dr. Ramachandran stated that during these seizures Plaintiff would pass out and "jerk all over." *Id*. Plaintiff's seizure disorder medications were "still not working for her." *Id*. While Plaintiff's headaches were stable, Plaintiff's seizure disorder was deemed unstable. *Id*. In short, the ALJ's finding that Plaintiff's most recent physical examination was "essentially normal" is not supported by substantial evidence.

**Conclusion**

For the reasons discussed above, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-23) be GRANTED, and that Defendant's Motion for Judgment on the Pleadings (DE-25) be DENIED. Specifically, it is RECOMMENDED that Defendant's final decision be vacated and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with the foregoing directives.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Tuesday, April 16, 2013.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE